UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY G. MWAURA and NOELLE GICHOHI, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC.; FREDDIE MAC MULTI-CLASS CERTIFICATES SERIES 3361; <br><br> Defendants. | CASE NO. C13-337RSM <br><br> ORDER GRANTING MOTION TO DISMISS |

Plaintiffs Anthony Mwaura and Noelle Gichohi, appearing *pro se*, filed this action for quiet title and declaratory and injunctive relief pursuant to the diversity jurisdiction of this Court. 28 U.S.C. § 1332. Plaintiffs seek a declaration that they are owners of the subject property, free of any liens created by defendants, and a declaration that defendants do not have authority to foreclose on the property. Plaintiffs also claim fraud in the assignment of their mortgage to a different entity. "Freddie Mac Multi-Class Certificates Series 3361."

This matter is now before the Court for consideration of defendants' motion to dismiss for failure

ORDER - 1

1  to state a claim and failure to meet pleading requirements for a claim of fraud.  Dkt. # 3. The motion was
2  noted for April 26, 2013, and of this date, five weeks later, plaintiffs have failed to respond in any way,
3  or to request additional time in which to do so.  Pursuant to Local Rule LCR 7(b)(2),  the Court may
4  deem plaintiffs' failure to file opposition as an admission that the motion has merit, and grant the motion
5  without further proceedings.

6       Upon review of the complaint and defendants' motion to dismiss, the Court finds that the motion
7  has merit and dismissal is appropriate.  Defendants have moved to dismiss, in part,  pursuant to
8  Fed.R.Civ.P. 12(b)(6) for failure to state a claim.  Such dismissal may be based on either the lack of a
9  cognizable legal theory, or the insufficiency of facts alleged under such theory.  *Balistreri v. Pacifica*
10 *Police Department*, 901 F. 2d 696, 699 (9th Cir. 1990).  For the purposes of deciding a motion to
11 dismiss, the Court accepts the factual allegations of the complaint as true, but this deference does not
12 extend to legal conclusions or theories.  The Court therefore should separate out "pleadings that,
13 because they are not more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v.*
14 *Iqbal*, 556 U.S. 662, 672 (2009).

15       Defendants move to dismiss the claim for quiet title on the basis that a party is not entitled to
16 maintain such action to remove a deed of trust unless he has first satisfied the secured obligation.  *Evans*
17 *v. BAC Home Loan Servicing LP,* 2010 WL 5138394 at *4 (W.D.Wash. 2010).  In short, "a borrower
18 [cannot] assert a quiet title claim against a lender without paying off the debt."  *Nicdao v. Chase Home*
19 *Finance*, 839 F.Supp. 2d 1051, 1076 (D. Alaska 2012).   Plaintiffs appear to assert that the original
20 promissory note was somehow satisfied when the original lender, "Countrywide Bank NSB," transferred
21 the note to "Freddie Mac." This is a baseless legal theory that the Court need not accept as true.
22 Nowhere in the complaint do plaintiffs allege that they have satisfied the obligation of the note by
23 paying it in full.  They are therefore not entitled to maintain an action to quiet title and remove the lien.

24       Defendants have moved to dismiss the request for declaratory and injunctive relief with respect
25 to foreclosure on the basis that the property is not in foreclosure.  Where no foreclosure action is
26 pending, a plaintiff cannot show injury or a justiciable controversy, and does not have standing to enjoin
27 such proceeding in the future.  *Bisson v. Bank of America, N.A.,* 2013 WL 325262 (W.D.Wash. 2013).
28  ORDER - 2

As plaintiffs have failed to oppose the motion to dismiss, they have failed to demonstrate that they have standing with respect to foreclosure.

Finally, defendants' properly move to dismiss plaintiffs' claim of fraud for failure to meet Rule 8 pleading standards.  The Court notes that plaintiffs' complaint is but an iteration of the "show me the note" theory which this Court and others have soundly rejected.  *See*, *Bavand v. Onewest Bank FSB*, 2013 WL 1208997 at *3 (W.D.Wash. 2013) (citing *Petree v. Chase Bank*, 2012 WL 6061219 at *2 (W.D.Wash.) (collecting cases).   No amount of liberal construction of this type of complaint can cure the defects inherent in the baseless legal theory.  The complaint wholly fails to state a claim for fraud.

Defendants' motion to dismiss (Dkt. # 3) is accordingly GRANTED and the complaint and action are DISMISSED for failure to state a claim and failure to meet applicable pleading standards.  The Clerk shall close this file.

Dated this 5 day of June 2013.

RICARDO S. MARTINEZ  
UNITED STATES DISTRICT JUDGE

ORDER - 3